## DESCENT OF THE DISTRIBUTIVE SHARE OF PERSONAL ESTATE LEFT BY AN INTESTATE WIFE.

Court of Appeals for Seneca County.

ALLEN J. SENEY, ADMINISTRATOR, v. GEORGE E. SCHROTH, ADMINISTRATOR.

Decided, 1916.

*Descent and Distribution—Wife Receives Her Distributive Share of the Personal Estate of Her Deceased Husband, and Dies Intestate—Said Personalty Descends to Her Heirs Generally.*

S. died testate without issue, leaving A. W. S. his widow, and certain brothers and sisters and their legal representatives, his only heirs at law. A. W. S. elected not to take under the will of S., but took under the law her distributive share of S.'s personal estate, and subsequently died intestate without issue, leaving neither brother nor sister or their legal representatives.

*Held:* That A. W. S. took her distributive share of said personal estate by favor of the provisions of Sections 10571 and 8592, General Code, and not under any provision of Section 8574, General Code;

hence, the provisions of Section 8577, General Code, are not effective to divert the descent of such personal property from her heirs generally.

*Allen J. Seney* and *Charles E. Derr*, for plaintiff in error.
*George E. Schroth*, contra.

ROBINSON, J.

The facts, as alleged in the cross-petition of plaintiff in error, are, in brief, as follows:

George E. Seney died testate on or about the first day of June, 1905, leaving no issue, but leaving surviving him one brother, Henry W. Seney, since deceased; one sister, Frances M. Crum, since deceased; George E. Seney, Jr., a son of Joshua Seney, a deceased brother, and Bessie Schaler, a granddaughter of a deceased sister, Josephine Seney Wise. He also left surviving him his widow, Anna Walker Seney, who has since deceased, intestate and leaving no issue and no brothers or sisters or their legal representatives.

The said Anna Walker Seney elected not to take under the provisions of the last will and testament of George E. Seney, deceased, but elected to be endowed of the lands and tenements of which the said George E. Seney died seized, and took her distributive share of the personal estate of said George E. Seney, deceased, the sum of twelve thousand five hundred sixteen and fifty-one hundredths dollars. Said sum came into the hands of the defendant in error, George E. Schroth, as administrator of the estate of Anna Walker Seney, deceased.

The said George E. Schroth, as such administrator, commenced an action against the plaintiff in error and others, asking the instruction of the court in the distribution of said estate.

The said Henry W. Seney died intestate, leaving a widow and children.

The estate of Henry W. Seney is not sufficient to pay the indebtedness thereof.

The plaintiff is the duly elected, qualified and acting administrator of the estate of said Henry W. Seney, deceased, and as such filed his answer and cross-petition to said petition of said George E. Schroth, as administrator of the estate of Anna

Walker Seney, deceased, praying that he may be found entitled to the one-fourth of said twelve thousand five hundred sixteen and fifty-one hundredths dollars on distribution, and that said sum may be ordered paid to him as such administrator; to which cross-petition said George E. Schroth, as the administrator of the estate of Anna Walker Seney, deceased, filed a general demurrer, which demurrer was sustained by the court below, and judgment rendered against plaintiff in error.

Error is prosecuted here to reverse said judgment.

The plaintiff in error contends that under Section 8577, General Code of Ohio, the brothers and sisters of George E. Seney, deceased, or their legal representatives, are entitled, upon distribution, to the unconsumed portion of the personal estate received by Anna Walker Seney as her distributive share of the personal estate of George E. Seney, deceased.

Section 8577 of the General Code provides:

"When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such intestate from a former deceased husband or wife by deed of gift, devise or bequest, or under the provisions of section eighty-five hundred and seventy-four, then such estate, real and personal, shall pass to and vest in the children of such deceased husband or wife, or the legal representatives of such children. If there are no children or their legal representatives living, then such estate, real and personal, shall pass and descend, one-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of such deceased husband or wife from which such personal or real estate came, or their personal representatives."

Clearly this property did not come to Anna Walker Seney by deed of gift, devise or bequest. Did it then come to her under any of the provisions of Section 8574? Section 8574 of the General Code provides:

"If the estate came not by descent, devise, or deed of gift, it shall descend and pass as follows:

"1. To the children of the intestate and their legal representatives.

"2. If there are no children, or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate.

"3. If such intestate leaves no husband or wife, relict to himself or herself, the estate shall pass to the brothers and sisters of the intestate of the whole blood, and their legal representatives.

"4. If there are no brothers or sisters of the intestate of the whole blood, or their legal representatives, the estate shall pass to the brothers and sisters of the half-blood, and their legal representatives.

"5. If there are no brothers or sisters of the intestate of the half-blood, or their legal representatives, the estate shall ascend to the father; if the father is dead, then to the mother.

"6. If the father and mother are dead, the estate shall pass to the next of kin, and their legal representatives, to and of the blood of the intestate."

There were no children in this case, and had there been no will, then clearly the whole estate would have passed by descent from George E. Seney to his widow, Anna Walker Seney, under subdivision 2 of Section 8574, and upon the death of Anna Walker Seney intestate, she leaving no brothers nor sisters or their legal representatives, would have passed, under Section 8577, to the brothers and sisters or their legal representatives, of George E. Seney, deceased. But George E. Seney died testate, and his widow elected not to take under said will. Did she then take the widow's portion of the personal estate under Section 8574 or did she take under Section 10571 of the General Code, which provides:

"The election of the widow or widower to take under the will shall be entered upon the minutes of the court. If the widow or widower fails to make such election, he or she shall retain the dower, and such share of the personal estate of the deceased consort as she or he respectively would be entitled to by law in case the deceased consort had died intestate, leaving children."

And Section 8592 of the General Code, which provides:

"When a person dies intestate and leaves no children or their legal representatives, the widow or widower, as next of kin, will

be entitled to all the personal property which is subject to distribution upon settlement of the estate. If the intestate leaves any children or their legal representatives, the widow or widower will be entitled to one-half of the first four hundred dollars and to one-third of the remainder of the personal property subject to distribution."

Section 8574 makes no provision for the widow where the intestate died leaving children. The widow, under the common law, was endowed of no portion of the personal estate of her husband. The right of the widow, therefore, to a portion of the personal estate of her deceased husband, arises entirely by statutory enactment and has no existence independent thereof, and is not a subject of equitable interpretation. However much justice there may be in the contention of the plaintiff in error that the same course of descent should obtain where the widow receives all the personal property by virtue of the provision of subdivision 2 of Section 8574, as where she receives but the one-third under the provisions of Section 10571 and Section 8592, said contention is sufficiently answered by the fact that she would receive no part of said personal estate in the absence of a statutory provision giving it to her. And the same legislative power which could provide that she should receive all of the estate under one set of circumstances and only one-third under another, could and did provide that where she receives it all and dies intestate and without issue, that it shall pass one-half to her brothers and sisters or their legal representatives and one-half to the brothers and sisters of her deceased husband or their legal representatives, but failed to make any such provision or any provision for succession under circumstances where she received but the one-third, and we can not say that the Legislature, in the amendment of 1857, did not intend to provide for the succession in the one case and in the other case allow it to descend as any other estate of which she might die possessed.

The amendment seems to have been made for the sole purpose of remedying the severity of the rule laid down in the case of *Brower* v. *Hunt,* and had the Legislature intended it to include all personal property which came to her as the relict of her de-

ceased husband it could, and undoubtedly would, have so declared. This seems to us the more apparent since all the sections of the code herein referred to antedate in time of enactment Section 8577, and must have been in contemplation of the Legislature creating said section, especially since by the very language of the section it was content to describe property held by descent under Section 8573 in general terms, but confined its operation, beyond property which came by deed of gift, devise or bequest, to property held under the provisions of a certain section, indicating an intention to limit its operation.

We are of opinion that the personal property which came to Anna Walker Seney as the widow of George E. Seney did not come to her by deed of gift, devise or bequest from her deceased husband, nor under any of the provisions of Section 8574, but on the contrary, that said personal estate came to said Anna Walker Seney by virtue of Section 10571 and Section 8592 of the General Code.

We are also of opinion that in the enactment of Section 8577, the Legislature did not intend to include all property which might come to the relict from a deceased husband, but only such property as was contemplated and included in the provisions of Sections 8573 and 8574 of the General Code.

We find upon a comparison of the provisions of the General Code with the Revised Statutes as they existed at the time of the amendment of 1857 to Section 8577, that the provisions then in force with reference to the election by the widow to take under the law and with reference to the distributive portion which the widow was then entitled to, were substantially the same as they are now, and we can not assume that the Legislature, in the enactment of the amendment of 1857 to said Section 8577, General Code, were not cognizant of that fact and were not also cognizant of the fact that all property which might come to a relict from a deceased husband was not included in the description contained in said Section 8577.

The judgment of the court below is therefore affirmed.

CROW, J., and KINDER, J., concur.